UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-179-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| BETTY TRUESDALE STRICKLAND, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion for Copy of Discovery Material and Grand Jury Transcript [DE-58] filed by Betty Truesdale Strickland ("Defendant"). In an attempt to clarify and update the circumstances surrounding Defendant's request, her attorney has a filed a Response [DE-59]. This matter is now ripe for ruling.

Specifically, Defendant requests a copy of the grand jury transcript and "all of [her] Jenks [*sic*], Gigilo [and] Brady materials." Defendant also requests a copy of her "302 debriefings" and "404(b) evidence that government intends to use for [her] case." Along with the instant motion, Defendant has attached copies of letters, dated January 21, 2011 and May 19, 2011, in which she requests a copy of these materials from her court-appointed attorney. Defendant claims that she has been unsuccessful in obtaining these documents. On June 22, 2011, counsel for Defendant filed a Response [DE-59] to clarify and provide an update to the court on the circumstances surrounding Defendant's request. Counsel states that all relevant discovery material was reviewed with Defendant in detail prior to trial. Moreover, counsel for Defendant acknowledges receipt of

Defendant's letter dated May 19, 2011 and states that he is in the process of producing a copy of all relevant discovery material for Defendant's review to be delivered on his next visit.

As a preliminary matter, the court notes that Rule 6(e) of the Federal Rules of Criminal Procedure governs secrecy and disclosure with regard to grand jury proceedings. According to the Supreme Court, "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). Thus, the court should not permit the disclosure of grand jury transcripts unless there is "a strong showing of particularized need." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983); *Dennis v. United States*, 384 U.S. 855, 870 (1966). As first noted in *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958), the typical showing of "particularized need" arises when a litigant seeks to use "the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like." *Douglas*, 441 U.S. at 222; *Dennis*, 384 U.S. at 870. "[A]cross the board fishing expeditions" do not constitute a "particularized need." *United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978).

A party's need for disclosure must be carefully weighed against the public interest in safeguarding the confidentiality of grand jury proceedings. In *Douglas*, 441 U.S. at 219, the Supreme Court identified several public interest factors that counsel against disclosure. First, if pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony.

2

Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. The public interest in preserving the secrecy of the proceedings is to ensure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. *See id.*

Here, Defendant has not demonstrated how her desire for the grand jury transcript outweighs the public's interest in continued secrecy, nor has she shown a "particularized need" for the document. In fact, her motion contains no factual contentions at all tending to support her request. In the absence of any showing of a "particularized need" for the grand jury transcript Defendant seeks, her motion to receive a copy of the grand jury transcript is DENIED. As to Defendant's request for all discovery material, because counsel for Defendant has already stated that this material will be produced for Defendant at his next visit, Defendant's motion is DENIED as moot.

For the foregoing reasons, Defendant's Motion for Copy of Discovery Material and Grand Jury Transcript [DE-58] is DENIED.

SO ORDERED.

This the 23rd day of June, 2011.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge