IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00179-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BETTY TRUESDALE STRICKLAND, | ) | |
| Defendant. | ) | |

This matter is before the court on Betty Truesdale Strickland's Motions for Reduction [DE-108, -109].[1] In her motions, Strickland contends that she is entitled to a reduction in her sentence pursuant to Amendment 794. *Id.* at 1.

Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense.[2] *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at *2 n.2 (11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[3] *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at

---

[1] Strickland's motions [DE-108, -109] are duplicates.

[2] The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015).

[3] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

*4 (5th Cir. July 5, 2016). Amendment 794 also states that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

Amendment 794 has been found to apply retroactively in direct appeals. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). In this case, however, Strickland has already filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed her convictions and sentence. *See* Unpublished Opinion [DE-83]. Likewise, Amendment 794 is not retroactively applicable on collateral review.[4] U.S.S.G. § 1B1.10 lists those Guidelines amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed. *United States v. Perez-Carrillo*, No. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016).

In light of the foregoing, Strickland is not entitled to relief under Amendment 794. Consequently, Strickland's Motions for Reduction [DE-108, -109] are DENIED.

SO ORDERED.

This the 26 day of September, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[4] A review of the record reveals that Strickland has a pending § 2255 motion [DE-86].

2