# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

No. 5:10-CR-00179-F
No. 5:13-CV-00702-F

| | |
|---|---|
| BETTY TRUESDALE STRICKLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND
RECOMMENDATION**

This matter comes before the court on the motion of Betty Strickland ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence and for evidentiary hearing [DE-86] and the government's motion to dismiss or, in the alternative, for summary judgment [DE-92], to which Petitioner filed a response [DE-99]. The time for responding to the pending motions has expired, and the motions are ripe for review. These motions were referred to the undersigned and are considered here for recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that Petitioner's motion be denied, the government's motion be allowed, and Petitioner's claims be dismissed.

## I. BACKGROUND

On June 2, 2010, Petitioner was charged in a two-count indictment with conspiracy to possess with the intent to distribute 100 grams of heroin, in violation of 21 U.S.C. § 846, and possession with the intent to distribute 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). [DE-1]. On February 28, 2011, Petitioner pleaded not guilty to the charges in the indictment. [DE-44]. Petitioner proceeded to trial and on March 9, 2011, the jury returned a verdict of guilty on both

counts. [DE-53, -54]. On August 1, 2011, Petitioner was sentenced to 165 months' imprisonment and five years of supervised release, and judgment was entered. [DE-65, -68]. On June 28, 2012, the Fourth Circuit Court of Appeals affirmed the conviction and sentence, *United States v. Strickland*, 484 F. App'x 782 (4th Cir. June 28, 2012) (per curiam) (unpublished). On October 7, 2013, Petitioner, proceeding *pro se*, timely filed the instant § 2255 motion.[1] [DE-86]. On November 22, 2013, the government filed a motion to dismiss [DE-92], to which Petitioner responded in opposition [DE-99]. On September 25, 2015, Petitioner's sentence was reduced to 132 months' imprisonment pursuant to the Drug Quantity Table amendment, 18 U.S.C. § 3582(c)(2). [DE-102].

## II. STANDARD OF REVIEW

### A.    28 U.S.C. § 2255

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a

---

[1] The motion was unsigned, and Petitioner resubmitted signed documents on October 11, 2013 [DE-90].

nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-00097-FL, 2010 WL 4484447, at \*1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

**B.     Rule 12(b)(6)**

The court may consider a motion to dismiss challenging the legal sufficiency of a § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at \*4 (4th Cir. Apr. 2, 1990) (unpublished); Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

3

relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). A court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## C. Rule 56

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the nonmoving party then must affirmatively demonstrate, with specific evidence, that there exists a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.*

4

at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." *Id.* at 255; *see also United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion."). Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. *Id.* at 489-90. Furthermore, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

## III. DISCUSSION

Petitioner was convicted of participating in a conspiracy to distribute heroin and for possession of heroin based on her involvement in her son Donald Shealey's ("Shealey") drug organization known as the Face Mob Family. Evidence presented at trial by law enforcement and members of the Face Mob Family demonstrated that Petitioner stored drugs and drug proceeds in

5

her home, assisted with the packaging of drugs, and benefitted financially from the Face Mob Family's drug activities. Petitioner continues to deny any involvement with the Face Mob Family and believes that she was the victim of a vindictive prosecution for her role in assisting Shealey in publishing a magazine identifying co-defendants who testified against him at trial.

Petitioner asserts the following five grounds for relief: counsel provided ineffective assistance by (1) failing to investigate potential witnesses, (2) failing to raise objections at sentencing, and (3) failing to investigate or file a motion to dismiss the indictment for vindictive prosecution; (4) vindictive prosecution and prosecutorial misconduct; and (5) counsel and the prosecution violated her speedy trial rights by seeking multiple continuances of the arraignment and trial. [DE-86-1]. The issues raised by Petitioner do not require further development of the record and, thus, a hearing is unnecessary.

## A. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *See Strickland*,

466 U.S. at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one").

## 1. Failure to Investigate Potential Witnesses (Ground One)

Petitioner asserts that trial counsel provided ineffective assistance by failing to investigate the following potential witnesses:

- Donald Shealey, Petitioner's son, who wrote a letter to trial counsel stating he could provide favorable testimony at Petitioner's trial and provided an affidavit indicating Petitioner had no involvement in the Face Mob Family, Pet'r's Mem., Exs. A, E, & F [DE-86-2] at 3-5, 20-21, & 16-18;

- Salahudeen Abdallah, a member of the Face Mob Family and witness for the government at Petitioner's trial, who provided an affidavit stating that other witnesses at trial lied about Petitioner's involvement with drugs, that he testified against Petitioner because he thought he would receive a sentence reduction, and walking back his own trial testimony about Petitioner, *id.*, Ex. B [DE-86-2] at 7;

- Khalid Abdallah, a self-described "high ranking person" in the Face Mob Family, who provided an affidavit stating that Petitioner had no knowledge of Shealey's drug activities, that Salahudeen Abdallah's trial testimony was false, and that he would have testified as such for Petitioner at trial, *id.*, Ex. C [DE-86-2] at 9;

- Shawn Brown, a witness for the government at Petitioner's trial, who assisted the Face Mob Family by laundering money and testified at trial that he saw Petitioner bagging drugs and that she received money from Shealey, *id.*, Ex. D [DE-86-2] at 12 ¶ 8; and

- Laketa Smith, a co-defendant of Shealey's, who pleaded guilty to conspiracy to possess and distribute heroin and conspiracy to commit money laundering, *id.*

Petitioner also provided (1) an affidavit from Geraldine Linwood Brown, stating that she forwarded email correspondence from Salahudeen Abdallah to both Shealey and Petitioner regarding Petitioner's innocence; and (2) an unnotarized document titled Affidavit from Wayne Teel, an inmate

7

who claims that he was a cell mate of Salahudeen Abdallah and that Abdallah admitted to Teel he testified falsely against Petitioner. *Id.*, Ex. G & H [DE-86-2] at 23-27. The government argues that Petitioner's claim fails both prongs of *Strickland*, because trial counsel's decision not to consider calling the above-listed witnesses was a reasonable strategy and Petitioner has failed to sufficiently allege a reasonable probability that there would have been a different outcome at trial had these potential witnesses testified. Gov't's Mem. [DE-93] at 4-7.

The decision as to whether to call a witness is strategic and, as such, is entitled to great deference. *See United States v. Chapman*, 593 F.3d 365, 367-68 (4th Cir. 2010) ("[W]hich witnesses to call is a classic tactical decision left to counsel, . . . and it remains a decision for counsel even when the client disagrees.") (citing *Blanco v. Singletary*, 943 F.2d 1477, 1495 (11th Cir. 1991)); *McQueen v. United States*, No. 5:09-CR-00253-F-1, 2016 WL 413090, at *9 (E.D.N.C. Feb. 2, 2016) (unpublished) ("*Strickland's* presumption of reasonableness is particularly difficult to overcome in a claim of ineffectiveness for failing to call a witness, 'given that the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous . . . deference.'") (quoting *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (quotation and punctuation omitted)). Ultimately, if counsel "conducts a reasonable investigation of law and facts in a particular case, his strategic decisions are 'virtually unchallengeable.'" *Powell v. Kelly*, 562 F.3d 656, 670 (4th Cir. 2009) (citing *Strickland*, 466 U.S. at 688)).

Here, the record before the court demonstrates that counsel made a reasonable strategic decision, in light of the law and facts of the case, not to call the potential witnesses proposed by Petitioner and to challenge the government's witnesses through cross-examination. Petitioner states

8

in her affidavit that when she asked trial counsel to interview her potential witnesses, he responded that he had reviewed the government's case file and did not need to interview these witnesses. [DE-86-2] at 12 ¶ 8. Trial counsel is not necessarily required to speak to each potential witness in order to satisfy the duty to make a reasonable investigation. *See Strickland*, 466 U.S. at 691 ("[W]hen the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether."); *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998) ("The Sixth Amendment . . . does not always compel counsel to undertake interviews and meetings with potential witnesses where counsel is familiar with the substance of their testimony."); *accord United States v. Naghani*, 252 F. App'x 185, 187 (9th Cir. Oct. 26, 2007) (unpublished) ("Although defense counsel is required to conduct a reasonable investigation into a defendant's case, counsel is not required to interview every witness, particularly where the potential witness's version of events are fairly known to defense counsel.") (citing *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) ("A claim of failure to interview a witness may sound impressive in the abstract, but it cannot establish ineffective assistance when the person's account is otherwise fairly known to defense counsel.") (quoting *United States v. Decoster*, 624 F.2d 196, 209 (D.C. Cir. 1976) (en banc))). Here, all of Petitioner's proposed witnesses were associated with the Face Mob Family and were co-defendants of Shealey and cooperated with the government in Shealey's case. Thus, it is evident that counsel would have been familiar with their statements from the discovery produced by the government, consistent with what he told Petitioner. *See Jimenez v. McEwen*, No. CV 12-2359-VAP-JEM, 2014 WL 4104800, at \*12 (C.D. Cal. Apr. 30, 2014) (unpublished), *adopted by* 2014 WL 4105426 (C.D. Cal. Aug. 18, 2014) (concluding the substance of potential witnesses'

9

testimony was known to counsel and he did not need to interview them to make an informed decision about whether to call them, because they were interviewed by the police and nothing in the record suggested that the prosecution failed to produce the transcripts to the defense).

Counsel's cross-examination of the government's witnesses at trial bears this out. For example, although Petitioner argues that had her attorney interviewed these proposed witnesses he would have known they never mentioned her involvement with the Face Mob Family when they were first arrested and were cooperating with the government, trial counsel did utilize that information on cross-examination at trial. *See* Trial Tr. [DE-79] at 34-36 (questioning Detective Scully regarding Salahudeen Abdallah's failure to mention Petitioner when he was first interviewed); *id.* at 120 (questioning Shawn Brown regarding his failure to mention Petitioner when he was first interviewed and that he only identified her after he entered into a plea agreement). Trial counsel also attacked Salahudeen Abdallah's and Shawn Brown's credibility by highlighting sentence reductions they had received for past testimony and the potential to receive a further reduction based on their testimony against Petitioner. *See id.* at 76-78, 117-18; *see also id.* at 99-100 (questioning Detective Pennica regarding Salahudeen Abdallah's initial statement that he thought there was heroin in a cereal box he retrieved from Petitioner for Shealey, but could not remember). Accordingly, Petitioner has failed to demonstrate that trial counsel failed to conduct a reasonable investigation because he did not interview her potential witnesses, and counsel's reasonable strategic decision is entitled to deference. *See Lewis v. United States*, No. 5:11-CR-229-F-8, 2016 WL 3951087, at *5 (E.D.N.C. July 18, 2016) (unpublished) (rejecting ineffective assistance claim for failure to investigate and call witnesses where the trial record reflected counsel provided a complete defense by, among other things, challenging the testimony of the government's witnesses through a strong

10

cross-examination).

Petitioner has also failed to show prejudice from trial counsel's failure to interview or call her potential witnesses. With respect to Shawn Brown and Laketa Smith, Petitioner's unsupported statement that they would have provided favorable testimony at her trial is insufficient to demonstrate prejudice. *See Garcia v. United States*, No. 1:11CR253-3, 2015 WL 7283136, at *4 (M.D.N.C. Nov. 16, 2015) (unpublished) (finding "bald assertion" of what potential witness would have testified to fails to constitute "concrete evidence" and "fails to demonstrate that Petitioner possessed personal knowledge of whether (much less how) [the witness] would have testified and/or that Petitioner could give admissible, competent testimony about such matters."). Furthermore, despite a strong cross-examination by trial counsel regarding Salahudeen Abdallah's and Shawn Brown's failure to initially identify Petitioner's involvement in the Face Mob Family and the potential for sentence reductions based on their testimony, the jury's verdict indicates they found these witnesses credible. Petitioner has failed to demonstrate a reasonable probability that the testimony of her son, who at that point had been convicted and was serving a life sentence, or Khalid Abdallah, who described himself as "a very close associate of Donald Shealey," [DE-86-2] at 9 ¶ 4, would have undermined the testimony of the government's witnesses and likely resulted in a different outcome at trial. *See Sampson v. United States*, No. CIV. 3:99CV127-4-O, 2001 WL 34563140, at *5 (W.D.N.C. July 25, 2001) (unpublished) (concluding it unlikely that additional impeaching testimony would have affected the outcome of the trial where the record revealed that the testimony of the government's witnesses "withstood vigorous cross-examination and impeachment by defense counsel based on their criminal records and plea agreements" and "the jury was able to consider the witnesses' potential bias yet found their testimony credible[.]").

11

Accordingly, Petitioner's claim that her counsel was ineffective for failing to investigate potential witnesses fails under both prongs of *Strickland*.

## 2. Failure to Raise Objections at Sentencing (Ground Two)

Petitioner contends counsel was ineffective by failing to object to (1) the court's finding at sentencing of a drug weight greater than the amount alleged in the indictment or found by the jury, (2) the hearsay testimony from Detective Scully, and (3) the final sentence. Pet'r's Mem. [DE-86-1] at 6-8. First, as the government points out, counsel did object to the drug weight at sentencing. Sentencing Tr. [DE-81] at 4-5. Additionally, the cases cited by Petitioner are not applicable here.

The case of *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), held that any fact increasing the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt. Petitioner's Presentence Report indicates the statutory range for both counts of the indictment was not less than 5 or more than 40 years' imprisonment, 21 U.S.C. § 841(b)(1)(B), and the guideline range was 151 to 188 months. [DE-63] at 11 ¶¶ 47-48. The court sentenced Petitioner to 165 months on each count to be served consecutively. Sentencing Tr. [DE-81] at 19. It is well-settled that *Alleyne* only prohibits factfinding by the court that increases the statutory mandatory minimum, not the defendant's advisory Sentencing Guidelines range. *See United States v. Benn*, 572 F. App'x 167, 179 (4th Cir. 2014) (per curiam) (unpublished) (rejecting *Alleyne*-based challenge to calculation of drug quantities to calculate Guidelines range when quantities do not affect the mandatory minimum). Likewise, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which stands for the proposition that all facts necessary to increase the statutory maximum punishment must be proved to the jury beyond a reasonable doubt, does not apply where the drug weight found by the court at sentencing did not

12

result in a sentence in excess of the statutory maximum. *See Harris v. United States*, No. 5:12-CR-381-BO, 2016 WL 4523896, at \*2 (E.D.N.C. Aug. 22, 2016) (unpublished) ("The Supreme Court expressly carved out application of its opinions in *Apprendi* and *Alleyne* to facts that influence judicial discretion in sentencing. *Apprendi*, 530 U.S. at 481; *Alleyne*, 133 S. Ct. at 2163. Judges can perform judicial factfinding and use those facts to inform the Court and influence judicial discretion in sentencing as long as the punishment imposed is *within the range prescribed by statute*.") (citing *Alleyne*, 133 S. Ct. at 2163). And, the Fourth Circuit on appeal upheld Petitioner's sentence, concluding that "the district court did not err in calculating the quantity of drugs attributable to Strickland." *Strickland*, 484 F. App'x at 783.

Next, the fact that the court attributed drug weight to Petitioner at sentencing based on Detective Scully's testimony that Rick Carthen told him Petitioner gave Carthen heroin provides no basis for relief. "The trial right to confrontation and crossexamination remains part of our imperishable inheritance of liberty, *see Crawford v. Washington*, 541 U.S. 36, 50-51, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), but it is not among the constitutional accoutrements of sentencing, in part because '. . . witnesses providing information to the court after guilt is established are not accusers within the meaning of the confrontation clause[.]'" *United States v. Umana*, 762 F.3d 413, 416 (4th Cir. 2014) (quoting *United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005)). Thus, Detective Scully's testimony was appropriately relied on by the court, and the failure to raise a meritless argument does not constitute deficient performance of counsel. *See Ford v. Polk*, No. 5:07-HC-2070-FL, 2008 WL 697462, at \*11 (E.D.N.C. Mar. 14, 2008) (unpublished) ("Failure to raise a meritless claim does not fall below 'an objective standard of reasonableness.'") (citations omitted).

13

Finally, counsel also asserted an objection to the firearm enhancement and argued for a sentence at the low end of the guideline range. Sentencing Tr. [DE-81] at 11-14. While Petitioner generally asserts counsel should have objected to the final sentence, she fails to raise any specific additional arguments counsel should have made and has not demonstrated prejudice. Counsel asserted appropriate objections and was not deficient in representing Petitioner at sentencing. Thus, Petitioner's claim of ineffective assistance at sentencing fails both prongs of *Strickland*.

## 3. Failure to Investigate or File a Motion to Dismiss the Indictment for Vindictive Prosecution and Prosecutorial Misconduct (Grounds Three and Four)

Petitioner claims she was the victim of a vindictive prosecution and prosecutorial misconduct and that her counsel was ineffective for failing to investigate or file a motion to dismiss the indictment on such grounds. Pet'r's Mem. [DE-86-1] at 9-15. Petitioner specifically argues that in 2008, when numerous members of the Face Mob Family were arrested and made deals with the government, during their proffers no one identified Petitioner as being involved in the gang and she was not indicted until 2010, well after the other Face Mob Family members were charged. *Id.* at 9-10. Petitioner asserts that it was not until a magazine was published identifying individuals who testified against Shealey at trial that the government targeted Petitioner, believing she assisted in the publication, and offered leniency to Face Mob Family members who provided false testimony as to her involvement with Face Mob Family's drug activities. *Id.* at 10-12. The government argues that trial testimony establishes law enforcement chose to pursue the most violent and active gang members first and that Petitioner's allegations are vague and unsupported. Gov't's Mem. [DE-93] at 8.

With respect to her direct claims for vindictive prosecution and prosecutorial misconduct, they have been procedurally defaulted. Petitioner was in a position to raise these claims on direct

14

appeal but failed to do so. *See Lucas v. United States*, No. 4:11-CR-71-D, 2016 WL 5799259, at \*2 (E.D.N.C. Oct. 3, 2016) (unpublished) (concluding claim of prosecutorial misconduct not raised on direct appeal was procedurally defaulted) (citations omitted); *Taylor v. Daniels*, No. 3:14-CV-79-FDW, 2014 WL 4053568, at \*4 (W.D.N.C. Aug. 15, 2014) (unpublished) (concluding vindictive prosecution claim was procedurally defaulted because it was not raised on appeal even though the petitioner was in a position to have done so), *appeal dismissed*, 604 F. App'x 269 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 149 (2015); *Farmer v. United States*, No. 5:10-CR-271-FL-3, 2013 WL 6799977, at \*3 (E.D.N.C. Dec. 20, 2013) (unpublished) (concluding claimed errors not brought to the attention of the trial court or the Fourth Circuit on direct appeal were procedurally defaulted). Furthermore, Petitioner has failed to sufficiently allege cause for the default and prejudice that would result from failure to consider the claim on the merits, or that failure to consider the claim on the merits would result in a miscarriage of justice, i.e. an actual innocence claim. *See Lucas*, 2016 WL 5799259, at \*2 (applying procedural default to prosecutorial misconduct claim where petitioner failed to plausibly allege actual innocence or cause and prejudice); *McNair v. United States*, No. CIV. CCB-11-1902, 2014 WL 645360, at \*4 (D. Md. Feb. 18, 2014) (unpublished) (concluding vindictive prosecution claim not pursued on direct appeal was barred by procedural default, because the petitioner failed to show cause and prejudice or actual innocence), *appeal dismissed*, 581 F. App'x 297 (4th Cir. 2014); *Farmer*, 2013 WL 6799977, at \*3 (concluding petitioner had not plausibly alleged the "cause" and "prejudice" necessary to excuse procedural default and conclusory allegations of actual innocence are insufficient to excuse the procedural default).

Additionally, these claims would fail on the merits. "To establish prosecutorial

15

vindictiveness, a defendant must show through objective evidence that '(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus.'" *United States v. Johnson*, 325 F.3d 205, 210 (4th Cir. 2003) (quoting *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001)). "A 'presumption of regularity' attends decisions to prosecute." *Id.* (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). At trial, Detective Pennica testified that in 2008 they did not have an arrest warrant for Petitioner because they were "focused on the most violent and active members of the organization at that time and getting them into custody." Trial Tr. [DE-79] at 97. Petitioner fails to plausibly allege the requisite animus, asserting only unsupported speculation regarding the government's motives. Petitioner's allegation that the government committed prosecutorial misconduct by putting on false testimony and threatening witnesses is, likewise, unsupported. Prosecutorial misconduct requires a two-pronged showing that "(1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993) (citations omitted). Multiple witnesses testified against Petitioner at trial, and Salahudeen Abdallah's affidavit only accuses others of falsely testifying and he does not admit to perjuring himself. [DE-86-2]. Rather, he attempts to qualify his testimony in a light favorable to Petitioner and notes his own displeasure with the lack of assistance he received for his testimony, calling into question the veracity of his most recent statements. *Id.* Petitioner has failed to plausibly allege any improper conduct by the government.

With respect to her related ineffective assistance of counsel claim, counsel cannot be said to have provided ineffective assistance for failing to file a motion to dismiss the indictment based on

16

vindictive prosecution and prosecutorial misconduct where the record does not support such claims.

*Ford*, 2008 WL 697462, at \*11. Accordingly, Petitioner has failed to state plausible claims for vindictive prosecution and prosecutorial misconduct or that her counsel was ineffective for failing to investigate or file a motion to dismiss the indictment on such grounds.

## B. Speedy Trial Violation (Ground Five)

Petitioner contends the government and trial counsel acted in concert to delay the criminal proceedings in an attempt to force her to plead guilty by filing seven motions for continuance in violation of 18 U.S.C. § 3161. Pet'r's Mem. [DE-86-1] at 18-20. The government counters that Petitioner's coercion claim is unsupported and the court specifically excluded the periods of continuance from the speedy trial calculation. Gov't's Mem. [DE-93] at 9.

The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Certain delays "shall be excluded" when calculating the seventy-day time period. 18 U.S.C. § 3161(h). In pertinent part, "[a]ny period of delay resulting from a continuance . . ., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" shall be excluded. 18 U.S.C. § 3161(h)(7); *see Zedner v. United States*, 547 U.S. 489, 498-99, 126 S. Ct. 1976, 164 L. Ed. 2d 749 (2006).

*Claudio v. United States*, No. 4:09-CR-57-FL, 2014 WL 582953, at \*6 (E.D.N.C. Feb. 13, 2014)

(unpublished), *appeal dismissed*, 580 F. App'x 190 (4th Cir. 2014). "The United States Supreme Court has identified four factors that should be balanced when determining whether a defendant was denied the right to a speedy trial . . . : (1) that the delay was uncommonly long; (2) that the reason for the delay was unreasonable; (3) that the defendant asserted his right to a speedy trial; and (4) that prejudice resulted to the defendant." *Smith v. United States*, No. 5:03-CR-195-FL, 2007 WL

17

3112420, at \*3 (E.D.N.C. Oct. 22, 2007) (unpublished) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Petitioner was indicted on June 2, 2010 [DE-1] and came before the court for her initial appearance on June 7, 2010 [DE-5]. Counsel was appointed to represent Petitioner on June 9, 2010 and filed a motion to extend the time to file pretrial motions from July 12, 2010 to July 30, 2010, to allow counsel sufficient time to obtain and review discovery, which was allowed. [DE-20, -23]. On July 16, 2010, counsel filed a consent motion to continue the arraignment and trial from the court's August 3, 2010 term to the September term to allow counsel further time to review discovery material and to properly advise Petitioner so that she could make an informed decision regarding her plea. [DE-24]. The court allowed the motion, continued the arraignment and trial to the court's September 7, 2010 term, and excluded the delay from the continuance "in the interests of justice" in order to allow counsel to prepare for trial. [DE-25]. The government proceeded to file five additional motions to continue the arraignment and trial between August 25, 2010 and January 20, 2011. [DE-26, -28, -30, -32, -34]. The reasons for the continuances included that the government required more time to prepare Petitioner's case for trial, the lead case agent was going to be out of town and unavailable for trial, and additional witnesses the government needed to interview were out of district and would not be returning to the district before February 9, 2011. *Id.* The court allowed each motion, finding that the ends of justice served by allowing the continuance outweighed the interests of the defendant and the public in a speedy trial and excluding the delay from the Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(7)(A), and Petitioner's arraignment and trial were ultimately scheduled for February 28, 2011. [DE-27, -29, -31, -33, -35].

On January 25, 2011, the court received a letter from Petitioner dated January 21, 2011,

18

stating that she needed certain things from her counsel, including whether he had filed a pre-trial motion related to her speedy trial right because the 70-day speedy trial time had run. [DE-36]. The deputy clerk of court confirmed that defense counsel received the letter and that he would respond to Petitioner. Jan. 27, 2011 Docket Entry. On February 28, 2011 the court conducted Petitioner's arraignment. [DE-44]. At that time Petitioner, when given the opportunity, indicated no dissatisfaction with her attorney and no lack of understanding regarding her trial rights. Arraignment Tr. [DE-78] at 15-16. Petitioner then proceeded to enter a not guilty plea to both counts, and her trial was set for jury selection on March 7, with the trial beginning on March 8. *Id.* at 18; [DE-79].

There is no evidence in the record to support Petitioner's speculative allegations of collusion by defense counsel and the government to delay Petitioner's trial in order to force her to plead guilty. The record demonstrates that the continuances sought by counsel and allowed by the court were supported by good cause and necessitated by defense counsel's desire to conduct a thorough investigation of the discovery and the unavailability of the government's witnesses. The court excluded the delay from each continuance from the speedy trial calculation, finding that the ends of justice served by allowing the continuance outweighed the interests of the defendant and the public in a speedy trial. [DE-27, -29, -31, -33, -35]. Furthermore, Petitioner has presented no evidence that she was prejudiced by the delay. Accordingly, there was no speedy trial violation and counsel was not deficient in failing to assert such a violation. *See Olaniyi v. United States*, No. 4:13-CR-72-BR, 2016 WL 123415, at *7 (E.D.N.C. Jan. 11, 2016) (unpublished) (rejecting ineffective assistance claim for failure to assert speedy trial violation where counsel provided a reasonable basis for the continuances, the delay was properly excluded by the court, and petitioner suffered no prejudice as a result of the continuances), *appeal dismissed*, 2016 WL 3971772 (4th Cir. July 25, 2016).

19

## IV. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Petitioner's motion [DE-86] be denied, the government's motion [DE-92] be ALLOWED, and Petitioner's claims be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **November 21, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and**

**Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, this the __7__ day of November 2016.

Robert B. Jones, Jr.
United States Magistrate Judge